UNITED STATES DISTRICT COURT
NONRTHERN DISTRICT OF OHIO
---

UNITED STATES OF AMERICA, : CASE NO. 1:01-CR-278

        Plaintiff,

vs. : ORDER & OPINION
: [Resolving Docs. 47 & 48]

BRIAN D. PERCY,

        Defendant.

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On October 12, 2004, this Court adopted the Report & Recommendation of Magistrate Judge Vecchiarelli, finding that Defendant Brian D. Percy knowingly and voluntarily admitted all eight of the alleged supervised release violations. [Doc. 33.] On October 28, 2004, this Court sentenced the defendant to a period of incarceration of 24 months to be served consecutively with the defendant's two-year state sentence with no following term of supervision. [Doc. 38.] On May 15, 2006, Defendant filed a Notice of Appeal with the Sixth Circuit Court of Appeals challenging this Court's Order of October 12, 2004. [Doc. 40.] On July 24, 2006, the Sixth Circuit denied the defendant's appeal as untimely pursuant to Fed. R. App. P. 4(b) and 26(b). [Doc. 43.]

On September 15, 2006, Defendant filed a Motion to Dismiss Counsel of Record with this Court. [Doc. 44.] On September 18, 2006, this case was transferred to Judge James S. Gwin. [Doc. 45.] On October 2, 2006, the Court denied Defendant's Motion to Dismiss Counsel as "there is no case pending before this Court and this Court lacks jurisdiction." [Doc. 46.]

Case No. 1:01-CR-278
Gwin, J.

On December 15, 2006, Defendant filed a Motion for Reconsideration, requesting this Court "reverse the 'illegal sentence' imposed upon me and render this conviction for governments violation under the Interstate Agreement Detainers Acts." [Doc. 47.] The Government opposes this motion. [Doc. 48.] For the following reasons, the Court **DENIES** Defendant's Motion for Reconsideration.

The Federal Rules do not describe motions to reconsider. The Sixth Circuit has held, however, that a motion to vacate and reconsider may be treated under Rule 59(e) as a motion to alter or amend a judgment. *Smith v. Hudson*, 600 F.2d 60, 62-63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment.") Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc*., 904 F. Supp. 644, 669 (N.D. Ohio 1995). In addition, Fed. R. Civ. P. 59(e) states "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

A court may grant a motion to amend or alter judgment if a clear error of law or newly discovered evidence exists, an intervening change in controlling law occurs, or to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quoting *In re August 1993 Regular Grand Jury*, 854 F. Supp. 1403, 1408 (S.D. Ind. 1994)). When the "defendant views the law in a light contrary to that of this Court,"

Case No. 1:01-CR-278
Gwin, J.

its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764 F. Supp. 482, 489 (N.D. Ohio 1991).

In the instant case, the defendant appealed this Court's finding that the defendant knowingly and voluntarily admitted the alleged supervised release violations to the Sixth Circuit. On July 24, 2006, however, the Sixth Circuit denied the defendant's appeal as untimely pursuant to Fed. R. App. P. 4(b) and 26(b).

Similarly, Defendant's Motion for Reconsideration must also be denied as untimely. The Sixth Circuit has held that a motion to vacate and reconsider may be treated under Fed. R. Civ. P. 59(e) as a motion to alter or amend a judgment. *Smith*, 600 F.2d at 62-63. Fed. R. Civ. P. 59(e) establishes that a "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Defendant has filed this Motion for Reconsideration more than two years after the entry of judgment in question. The time for appeal or reconsideration of the instant case has long expired. As such, the case is closed and the Court lacks jurisdiction to consider the merits of Defendant's motion.

Therefore, the Court **DENIES** Defendant's Motion for Reconsideration as untimely.

IT IS SO ORDERED.

Dated: January 25, 2007      s/      *James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE